J-S12008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN PASSMORE | : | |
| | : | |
| Appellant | : | No. 2939 EDA 2019 |

Appeal from the PCRA Order Entered September 3, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005715-2002

BEFORE: SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED MAY 29, 2020**

Appellant, John Passmore, appeals *pro se* from the order denying his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The underlying criminal charges resulted from Appellant's actions related to his turbulent relationship with the victim, Melissa Chamberlain. The PCRA court summarized the procedural history of this case as follows:

> On April 22, 2003, Appellant entered a guilty plea to murder generally. After a five-day degree of guilt hearing, Judge Biehn convicted Appellant of Murder of the Second Degree[2] and sentenced him to life imprisonment without the possibility of parole. Appellant timely appealed and the Pennsylvania Superior Court affirmed this Court's judgment of sentence on August 30,

---

[*] Retired Senior Judge assigned to the Superior Court.

2004.[1]   Appellant sought allowance of appeal, but the Pennsylvania Supreme Court denied *allocatur* on February 10, 2005.[2]  Appellant did not file a petition for a writ of *certiorari* to the United States Supreme Court; therefore, his judgment of sentence became final on May 11, 2005.  *See* 42 Pa.C.S.A. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.")[.]

> 2 18 Pa. C.S.A. § 2502(b).

On October 1, 2007, Appellant filed his first Motion for Post-Conviction Collateral Relief.  This [c]ourt denied relief and Appellant appealed to the Superior Court on October 7, 2008.  On May 20, 2009, the Superior Court affirmed this [c]ourt's denial of PCRA relief [***Commonwealth v. Passmore***, 976 A.2d 1212, 2894 EDA 2008 (Pa. Super. filed May 20, 2009)].

Appellant filed a second Motion for Post-Conviction Collateral Relief on February 10, 2011.  We denied that Motion without a hearing on April 21, 2011.  Appellant filed another appeal with the Superior Court, which affirmed this Court's dismissal of the Motion on December 15, 2011.  The Supreme Court subsequently denied Appellant's Petition for Allowance of Appeal on May 23, 2012.[3]

In 2013, Appellant filed a Freedom of Information Act [("FOIA")] request with the FBI, which had participated in the investigation of Melissa Chamberlain's murder.  Appellant sought information, including alleged emails between him and the victim, which he contended would exonerate him.  The FBI responded that its initial search revealed 16,039 pages of potentially relevant information, and that the cost of obtaining the records would be

---

[1] ***Commonwealth v. Passmore***, 857 A.2d 697 (Pa. Super. 2004).

[2] ***Commonwealth v. Passmore***, 868 A.2d 1199, 904 MAL 2004 (Pa. filed February 10, 2005).

[3] ***Commonwealth v. Passmore***, 40 A.3d 192, 1249 EDA 2011 (Pa. Super. filed December 15, 2011), *appeal denied*, ***Commonwealth v. Passmore***, 46 A.3d 716, 150 MAL 2012 (Pa. Filed May 23, 2012).

$1,593.90. Appellant contested the cost of obtaining the records in lawsuits which he filed in federal court. The FBI eventually released ten pages of emails to Appellant on June 25, 2015, and the Federal District Court of the District of Columbia granted the FBI and the Department of Justice's request for summary judgment on March 28, 2017. On September 13, 2017, the Court of Appeals for the District of Columbia Circuit affirmed the grant of summary judgment. Appellant filed a Petition for Writ of *Certiorari* to the United States Supreme Court, which was denied on March 5, 2018.

Appellant filed the instant Motion for Post-Conviction Collateral Relief *pro se* on December 3, 2018. On April 1, 2019, Appellant filed a "Motion to Supplement Recent PCRA Filed in Court in 2018." This [c]ourt appointed PCRA counsel on May 23, 2019. The Commonwealth filed a "Motion to Dismiss Serial PCRA Petition without a Hearing as Time-Barred" on August 6, 2019, and PCRA counsel filed a "Post-Conviction Relief Act No Merit Letter & Memorandum of Law Pursuant to *Commonwealth v. Finley*" and a "Motion to Withdraw as Counsel" on August 7, 2019. This [c]ourt issued a Notice of Intent to Dismiss on August 12, 2019, and dismissed Appellant's third Motion for Post -Conviction Collateral Relief on September 3, 2019. PCRA counsel withdrew his appearance on August 15, 2019. On September 25, 2019[,] Appellant filed a timely Notice of Appeal from the denial of post - conviction relief to the Superior Court.

PCRA Court Opinion, 11/19/19, at 4-5.

Appellant presents the following issues for review, which we set forth

verbatim:

A. DID PCRA COURT ERR IN DEEMING DEFENDANT'S PCRA MOTION AS UNTIMELY?

B. WAS TRIAL COUNSEL INEFFECTIVE FOR FAILURE TO DISCOVER OR PRESENT EVIDENCE THAT SHOWED ACTUAL INNOCENCE TO THE CRIME OF 2ND DEGREE MURDER?

C. WAS TRIAL COUNSEL INEFFECTIVE FOR FAILURE TO OBJECT OR CHALLENGE THE CONSTITUTIONALITY AND LEGALITY OF DEFENDANT'S DEGREE OF GUILT HEARING AS INTERPRETED BY APPRENDI AND COM V. WHITE 910 A.2d 648, 589 PA 642, WHEN

FACTS WHICH INCREASED THE DEFENDANT'S SENTENCE BEYOND THE STATUTORY MAXIMUM WERE NOT SUBMITTED TO A JURY, BUT TO A SOLE JUDGE?

D. DID COMMONWEALTH OF PA CARRY OUT A MISCARRIAGE OF JUSTICE BY WITHHOLDING MATERIAL EVIDENCE IN THE CRIMINAL TRIAL OF DEFENDANT, IN VIOLATION OF BRADY V. MARYLAND?

E. DID PCRA COURT ERR IN DEEMING DEFENDANT'S CLAIMED APPRENDI VIOLATION AS UNTIMELY?

F. DID DEFENDANT SUFFER A MISCARRIAGE OF JUSTICE WHEN DEFENDANTS DEGREE OF GUILT HEARING RESULTED IN AN APPARENT APPRENDI VIOLATION?

Appellant's Brief at 7-8.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not

- 4 -

ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed within

_____

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

one year of the date the claim could first have been presented.[5]   42 Pa.C.S.
§ 9545(b)(2).

Our review of the record reflects that Appellant was sentenced on April
29, 2003.  Appellant's judgment of sentence was affirmed on August 30, 2004,
and his petition for allowance of appeal was denied by the Supreme Court on
February 10, 2005.  **Passmore**, 857 A.2d 697, *appeal denied*, 868 A.2d 1199,
904 MAL 2004.  Appellant did not file a writ of *certiorari* with the United States
Supreme Court.  Accordingly, Appellant's judgment of sentence became final
on May 11, 2005, ninety days after the Pennsylvania Supreme Court denied
*allocatur* and time expired for Appellant to file an appeal with the United States
Supreme Court.  42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.  Appellant had
to file the current PCRA petition by May 11, 2006, in order for it to be timely.
**See** 42 Pa.C.S. § 9545(b)(1) (a PCRA petition must be filed within one year
of the date that the judgment of sentence becomes final).  Appellant did not
file the instant PCRA petition until December 3, 2018.   Thus, Appellant's
instant PCRA petition is patently untimely.

---

[5] Until recently, a petition invoking an exception was required to be filed within
sixty days of the date the claim could have been presented.  However, Act
146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now
provides that a PCRA petition invoking a timeliness exception must be filed
within one year of the date the claim could have been presented.  **See** 2018
Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and
§ 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24, 2017 or
thereafter.").  Although applicable to Appellant's instant petition, the change
in the law from sixty days to one year does not alter our analysis.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within one year of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to allege and prove that one of the exceptions applies. ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269–270 (Pa. Super. 2016).

Although not clear, Appellant appears to assert several exceptions to the PCRA time-bar. In his second and third issues, Appellant makes claims regarding trial counsel's ineffectiveness. Appellant's Brief at 21-25. We note that our Supreme Court has stated: "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005). Thus, Appellant's assertions of trial counsel's ineffectiveness do not overcome the PCRA time-bar, and Appellant is therefore entitled to no relief on this basis.

Appellant also appears to invoke an exception to the PCRA time-bar on the basis of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). Appellant's Brief at 7-8, 24-30. Appellant argues: "Apprendi violations are different from other legality of sentence claims and the Pennsylvania Supreme Court held, 'Apprendi violations must be heard and not untimely, nor subject to waiver,

despite preservation concerns.' This court is empowered to address [A]ppellant's illegal sentence claim regardless of preservation concerns." Appellant's Brief at 29. Thus, Appellant's argument may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time-bar based on *Apprendi,* 530 U.S. 466.

As this Court has explained: "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007). As noted, Appellant's PCRA petition is patently untimely. Moreover, he is unable to satisfy the new constitutional-right exception to the PCRA time-bar on the basis of *Apprendi*. As the PCRA court explained:

> Appellant has not and cannot claim that the rights he asserts involve constitutional rights recently recognized by the United States or Pennsylvania Supreme Courts that have been held to have retroactive application to his case. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, Appellant is unable to invoke an exception based on *Apprendi*. *Apprendi* is not new decisional law, but was decided on June 26, 2000, almost two years before Appellant's guilty plea and degree of guilt hearings. *See Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) (the exception under § 9545(b)(1)(iii) must be raised within [one year] of the date of the judicial decision was entered and not when a PCRA petitioner first learned of the decision). As such, this Court has no power to address the substantive merits of Appellant's PCRA claims. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780 (Pa. 2000).

PCRA Court Opinion, 11/19/19, at 10. Thus, Appellant is unable to establish an exception to the PCRA time-bar on the basis of *Apprendi*.

In his fourth issue, Appellant attempts to establish an exception to the PCRA time-bar on the basis of a ***Brady***[6] violation. Appellant's Brief at 7, 25-28. Appellant asserts: "[T]he Commonwealth did carry out a miscarriage of justice by withholding the email evidence and the Mountain Dew soda DNA and Label evidence, in violation of Brady v. Maryland." ***Id.*** at 28. Furthermore, Appellant argues that he did not receive evidence he requested in his FOIA request until 2015. ***Id.*** at 26. Thus, it appears that Appellant is arguing the exceptions pursuant to 42 Pa.C.S. § 9545 (b)(1)(i) and (ii).

In order to meet the statutory requirements of the "governmental interference" exception to the PCRA's one-year jurisdictional time-bar, Appellant was required to plead and prove that his "failure to raise the claim [or claims] **previously** was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States ...." ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006) (emphasis in original) (quoting 42 Pa.C.S. § 9545(b)(1)(i)).

Additionally, this Court has stated the following in outlining the exception under Section 9545(b)(1)(ii):

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his

---

[6] ***Brady v. Maryland***, 373 U.S. 83 (1963).

own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (internal citations omitted).

The PCRA court addressed these claims as follows:

> Appellant's arguments are meritless because the ten pages of emails that Appellant alleges are undisclosed *Brady* material were turned over by the Commonwealth to Appellant as additional discovery on April 22, 2003. Moreover, a copy of the same ten pages of emails attached as Exhibit U to Appellant's Motion for Post-Conviction Collateral Relief (as well as all of the recovered emails in this case) were admitted into evidence during Appellant's degree of guilt hearing. In addition, Appellant retained an expert and was provided access to the computer, hard drive, and any recoverable emails prior to trial. Appellant agreed that his expert was unable to access any emails other than those that had been previously provided in discovery. *See Commonwealth v. Marshall*, 947 A.2d 714, 721 (Pa. 2008) ("[T]he after-discovered facts exception focuses on facts, "not on a newly discovered or newly willing source for previously known facts[.]"); *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008) (a new source for a previously known fact "does not transform [the] latest source into evidence falling within the ambit of § 9545(b)(1)(ii)"); *Commonwealth v. Lambert*, 884 A.2d 848, 856 (Pa. 2005) ("because the facts underlying this claim were known or knowable to appellant, it does not qualify under the newly discovered evidence exception and, thus, [his claim] is untimely"). We further note that the ten pages of emails that Appellant relies on in his Motion do not prove that Ms. Chamberlain willingly left Pennsylvania with Appellant nor do they exonerate him. Rather, they affirm that the victim did not wish to see or speak to Appellant again.

PCRA Court Opinion, 11/19/19, at 9-10. We agree with the PCRA court's

analysis and conclude that Appellant was unable to establish either the

government interference or newly-discovered facts exceptions on the basis of the alleged ***Brady*** violation.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/20